UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TE DORA BROWN | No. 23 CR 97<br><br>Honorable Elaine E. Bucklo |

**THE GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS**

The United States of America, through its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully proposes the Court ask the following questions to all potential jurors, in addition to the Court's set of general *voir dire* questions:

1. Do you have any problem with your hearing, vision, or health that would make it difficult for you to serve as a juror?

2. Do you have difficulty reading, speaking, or understanding English?

3. Do you hold any religious, philosophical, moral, or other beliefs that would prevent you from returning a verdict in this case?

4. This case involves an investigation by the United States Secret Service and the United States Small Business Administration. Have you, a family member, or a close friend had any experiences or dealings with the United States Secret Service, the United States Small Business Administration, the federal government, or any law enforcement entity that might affect your ability to evaluate the evidence, to deliberate with the jury, or to return a verdict in this case?

5. Have you, a family member, or a close friend ever been arrested for, charged with, or convicted of any criminal offense other than a minor traffic violation? If yes, please indicate the nature of the offense; the law enforcement organization responsible for the arrest; the prosecutor's office responsible for pursuing the charges; what happened in the case; and whether anything about that experience might affect your ability to evaluate the evidence, to deliberate with the jury, or to return a verdict in this case.

6. Have you, a member of your family, or a close friend, ever been the victim of a crime? If so, please indicate the victim's relationship to you; the nature of the offense; whether charges were brought against the offender; the disposition of those charges; and whether anything about that experience might affect your ability to evaluate the evidence, to deliberate with the jury, or to return a verdict in this case.

7. Have you ever worked in the criminal justice system? If yes, please explain the circumstances.

8. Do you have any close friends or relatives who are prosecutors or criminal defense attorneys? Is there anything about your relationships with them that would prevent you from evaluating the evidence, deliberating with the jury, or returning a verdict in this case?

9. Defendant in this case is charged with wire fraud. She has pleaded not guilty to these charges. Is there anything about the nature of these charges that

might affect your ability to evaluate the evidence, to deliberate with the jury, or to return a verdict in this case?

10. At various times during the case, the Court will instruct you about the applicable law. It is your obligation to follow the Court's instructions about the law, whether you agree with the law or not. If you were to find that you disagreed with the law as given to you by the Court, would you still be able to follow that law and reach a verdict by applying that law to the evidence in this case?

11. What podcasts and/or radio programs you listen to regularly?

12. What television shows do you watch regularly?

13. Are there any other facts or circumstances that you believe the Court or the parties should know about concerning your ability to serve as a juror in this case?

To the Court's general *voir dire* question regarding prior jury service, the government proposes the following additions:

14. If you have previously served on a jury, please let us know the following: (a) whether the case was in federal court or state court; (b) whether it was a criminal case or civil case; (c) without disclosing to us what the verdict was, whether the jury was able to reach a verdict in the case; (d) whether you were the foreperson; and (e) whether your experience being on a jury left you with an impression of the legal system, judges, or attorneys—positive or negative—that might affect your ability to evaluate the evidence, to deliberate with the jury, or to return a verdict in this case.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: */s/ Mary Katherine McClelland*
MARY KATHERINE McCLELLAND
QUINN FORD
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

Dated: May 6, 2026