**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23 CR 97 |
| | ) | |
| | ) | Judge Elaine E. Bucklo |
| | ) | |
| TE DORA BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**[1]

Defendant, Te Dora Brown, by and through her attorneys, Victor P. Henderson and David K. Katahira, submits her proposed jury instructions:

Respectfully submitted,

**Defendant Te Dora Brown,**

By: */s/ Victor P. Henderson*
One of Her Attorneys

Victor P. Henderson
David K. Katahira
**HENDERSON PARKS, LLC**
140 South Dearborn Street, Suite 1020
Chicago, Illinois 60603
Telephone: (312) 262-2900
vphenderson@henderson-parks.com
dkatahira@henderson-parks.com

[1] Defendant's counsel is aware of the Court's order directing the parties to submit agreed jury instructions. Defendant's counsel informed the Government that defense counsel would send to the Government proposed jury instructions, however, the Government filed its own jury instructions before defense counsel could do so.

## CERTIFICATE OF SERVICE

The undersigned, David K. Katahira, an attorney, hereby certifies that **Defendant's Proposed Jury Instructions** were served on **May 6, 2026**, in accordance with Federal Rule of Criminal Procedure 49, Local Rule 5.5, and the General order on Electronic Case Filing (ECF), pursuant to the district court's ECF system as to the ECF filers, and was sent by first class mail or by hand delivery to non-ECF filers, if any.

By: *<u>/s/ David K. Katahira</u>*

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. [In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.]

You must not take anything I said or did during the trial as indicating what I think of the evidence or what I think your verdict should be.

DEFENDANT'S INSTRUCTION NO. 1
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 1.01 (modified)

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crime of wire fraud. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes she is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

DEFENDANT'S INSTRUCTION NO. 2
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 1.02

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove her innocence. She is not required to produce any evidence at all.

DEFENDANT'S INSTRUCTION NO. 3
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the parties agreed. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if she thinks a question is improper. If I sustained objections to questions that were asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

DEFENDANT'S INSTRUCTION NO. 4
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 2.01 (modified)

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

DEFENDANT'S INSTRUCTION NO. 5
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

DEFENDANT'S INSTRUCTION NO. 6
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 2.03

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

DEFENDANT'S INSTRUCTION NO. 7
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 2.04

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

DEFENDANT'S INSTRUCTION NO. 8
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;
- the witness' ability and opportunity to see, hear, or know the things the witness testified about;
- the witness' memory;
- the witness' demeanor;
- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;
- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and
- inconsistent [or consistent] statements or conduct by the witness.

DEFENDANT'S INSTRUCTION NO. 9
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 3.01

It is proper for an attorney to interview any witness in preparation for trial.

DEFENDANT'S INSTRUCTION NO. 10
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 3.02

Certain summaries and charts were shown to you to help explain other evidence that was admitted. These summaries and charts are not themselves evidence or proof of any facts, so you will not have these particular summaries or charts during your deliberations. If the summaries and charts do not correctly reflect the facts shown by the evidence, you should disregard the summaries and charts and determine the facts from the underlying evidence.

DEFENDANT'S INSTRUCTION NO. 11
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 3.17

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

DEFENDANT'S INSTRUCTION NO. 12
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 3.18

Counts One through Four and Six through Fourteen of the indictment charge the defendant with wire fraud. In order for you to find the defendant guilty of each charge, the government must prove each of the following elements beyond a reasonable doubt as to each charge:

1. That the defendant knowingly devised or participated in a scheme to defraud; and

2. That the defendant did so with the intent to defraud; and

3. The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

4. That for the purpose of carrying out the scheme, the defendant caused interstate wire communications to take place in the manner charged in the particular count.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

DEFENDANT'S INSTRUCTION NO. 13
Pattern Criminal Jury Instructions of the Seventh Circuit (2023), 18 U.S.C. §§ 1341 & 1343 Mail/Wire/Carrier Fraud – Elements

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A "scheme to defraud" is a scheme that is intended to deceive or cheat another and to obtain money or property or cause the potential loss of money or property to another by means of materially false or fraudulent pretenses, representations or promises.

A materially false or fraudulent pretense, representation, or promise may be accomplished by an omission or the concealment of material information.

DEFENDANT'S INSTRUCTION NO. 14
Pattern Criminal Jury Instructions of the Seventh Circuit (2023), 18 U.S.C. §§ 1341 & 1343, Definition of Scheme to Defraud

In considering whether the government has proven a scheme to defraud, the government must prove that one or more of the false or fraudulent pretenses, representations or promises charged in the portion of the indictment describing the scheme beyond a reasonable doubt. The government, however, is not required to prove all of them.

DEFENDANT'S INSTRUCTION NO. 15
Pattern Criminal Jury Instructions of the Seventh Circuit (2023), 18 U.S.C. §§ 1341 & 1343 Proof of Scheme

A false or fraudulent pretense, representation, promise, omission, or concealment is “material” if it is capable of influencing the decision of the person or entity to whom it was addressed.

It is not necessary that the false or fraudulent pretense, representation, promise, omission, or concealment actually have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

DEFENDANT’S INSTRUCTION NO. 16
Pattern Criminal Jury Instructions of the Seventh Circuit (2023), 18 U.S.C. §§ 1341 & 1343, Definition of Material

A person acts knowingly if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

You may not find that the defendant acted knowingly if she was merely mistaken or careless in not discovering the truth, or if she failed to make an effort to discover the truth.

DEFENDANT'S INSTRUCTION NO. 17
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 4.10

A person acts with "intent to defraud" if she acts knowingly with the intent to deceive or cheat in order to cause a gain of money or property to the defendant or another or the loss of money or property to another.

DEFENDANT'S INSTRUCTION NO. 18
Pattern Criminal Jury Instructions of the Seventh Circuit (2023), 18 U.S.C. §§ 1341 &1343, Definition of Intent to Defraud

The submission of electronic documents and forms over the Internet constitutes transmission by means of wire communication.

DEFENDANT'S INSTRUCTION NO. 19
Seventh Circuit Pattern (2023) — 18 U.S.C. § 1343 (Wire Communication) (modified)

The government must prove that interstate communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme.

In order to use or cause the use of interstate wire communications to take place, the defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that the defendant knew that the wire communication was of an interstate nature.

The defendant need not actually or personally use interstate communication facilities.

Although an item communicated interstate need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.

In connection with whether a wire transmission was made, you may consider evidence of the habit or the routine practice of a person or an organization.

Each separate use of interstate communication facilities in furtherance of the scheme to defraud constitutes a separate offense.

DEFENDANT'S INSTRUCTION NO. 20
Seventh Circuit Pattern (2023) — 18 U.S.C. § 1343 (Use of Interstate Communication Facility)

The indictment charges that the crimes happened “on or about” certain dates. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

DEFENDANT’S INSTRUCTION NO. 21
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 4.05

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

DEFENDANT'S INSTRUCTION NO. 22
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 4.06

If the defendant acted in good faith, then she lacked the intent to defraud required to prove the offenses of wire fraud charged in Counts One through Four, Eight, Nine, Eleven, Twelve, and Fourteen of the indictment. A defendant acted in good faith if, at the time, she honestly believed the validity of her actions that the government has charged as being fraudulent.

A defendant does not have to prove her good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted with the intent to defraud as charged in Counts One through Four, Eight, Nine, Eleven, Twelve, and Fourteen of the indictment.

DEFENDANT'S INSTRUCTION NO. 23
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 6.10

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

DEFENDANT'S INSTRUCTION NO. 24
*United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (affirming exclusion of evidence that another individual arrested with the defendant was not charged on relevancy grounds)

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

DEFENDANT'S INSTRUCTION NO. 25
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 4.08

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, X (formerly known as Twitter), or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. [Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.]

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

DEFENDANT'S INSTRUCTION NO. 26
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 7.01

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

DEFENDANT'S INSTRUCTION NO. 27
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

DEFENDANT'S INSTRUCTION NO. 28
Pattern Criminal Jury Instructions of the Seventh Circuit (2023) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TE DORA BROWN | No. 23 CR 97<br><br>Honorable Elaine E. Bucklo |

**VERDICT FORM**

We the jury, do hereby find the defendant, TE DORA BROWN, as follows:

| | GUILTY | NOT GUILTY |
|---|---|---|
| Count 1 | G | NG |
| Count 2 | G | NG |
| Count 3 | G | NG |
| Count 4 | G | NG |
| Count 8 | G | NG |
| Count 9 | G | NG |
| Count 11 | G | NG |
| Count 12 | G | NG |
| Count 14 | G | NG |

FOREPERSON

Date