**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23 CR 97 |
| | ) | |
| | ) | Judge Elaine E. Bucklo |
| | ) | |
| TE DORA BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTIONS *IN LIMINE* NOS. 1–7</u>**

Defendant Te Dora Brown moves, *in limine*, for the ability to question jurors on key issues and to prohibit the United States, defense counsel, and any witness presented or questioned by its counsel from making statements, offering evidence, testimony, remarks, arguments, or from conveying, by any means, the issues addressed herein, including the fact that the motions *in limine* have been presented and ruled upon.

A district court has inherent authority to manage the introduction of evidence during the course of a trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A district court has broad discretion in ruling on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Those rulings are subject to change as the case unfolds at trial. *Luce*, 469 U.S. 38 at 41.

## Motions *in Limine*

1. Bar any reference to Ms. Brown's criminal history for the purpose of showing bad character to prove that Te Dora Brown acted in accordance with that character trait. Federal Rule of Evidence 404(b) forbids the "use of evidence of a defendant's history of illegal or unethical acts to prove that [s]he is a person of bad character and likely therefore to have committed the crime of which [s]he is accused in the present case." *United States v. Paladino*, 401 F.3d 471, 474–75 (7th Cir. 2005).

____GRANTED ____GRANTED OVER OBJECTION ___DENIED ___WITHDRAWN ___RESERVED

2. Bar any reference to Ms. Brown's plea negotiations with the Government. Statements made during plea negotiations are generally inadmissible under Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). *United States v. Pierson*, 89 F.4th 976, 983 (7th Cir. 2024). In a criminal case, evidence of a statement "made during plea discussions with an attorney for the prosecuting authority is not admissible against the defendant who made the plea or participated in the plea discussions if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea." *Id.*

____GRANTED ____GRANTED OVER OBJECTION ___DENIED ___WITHDRAWN ___RESERVED

3. Bar any reference to Christopher Scott's conviction. Mr. Scott pled guilty to Count 5 of the Indictment and was sentenced to 70 months. Mr. Scott's conviction arose from the same or similar facts as those in Ms. Brown's case. Allowing

any reference to Mr. Scott's conviction would prejudice Ms. Brown by preventing her a fair trial. *See United States v. Hall*, 854 F.2d 1036, 1042–43 (7th Cir. 1988).

____GRANTED ____GRANTED OVER OBJECTION ___DENIED ___WITHDRAWN ___RESERVED

4. Bar any reference to EZ Link Golf, LLC and OLG Financing, Inc. Mr. Scott pled guilty to Count 5 of the Indictment, which charged him with wire fraud in violation of 18 U.S.C. § 1343 with respect to EZ Link Golf, LLC. Ms. Brown had no involvement with either EZ Link Golf, LLC or OLG Financing, Inc. These entities were operated solely by Mr. Scott, and thus, are irrelevant to Ms. Brown. FED. R. EVID. 401, 402.

____GRANTED ____GRANTED OVER OBJECTION ___DENIED ___WITHDRAWN ___RESERVED

5. Bar any reference to Christopher Scott's criminal history. Allowing any reference to Mr. Scott's criminal history will prejudice Ms. Brown because it would taint her presumption of innocence by associating her with someone with a criminal background. *See United States v. Hall*, 854 F.2d 1036, 1042–43 (7th Cir. 1988).

____GRANTED ____GRANTED OVER OBJECTION ___DENIED ___WITHDRAWN ___RESERVED

6. Bar any reference to Ms. Brown's political campaign. Ms. Brown is running for a seat on the U.S. House of Representatives. Her campaign has no relevance to this case and should be barred. FED. R. EVID. 401, 402. Furthermore, allowing reference to her campaign will prejudice Ms. Brown because it may sway the jury to form preconceived notions about Ms. Brown based on her political affiliation.

____GRANTED ____GRANTED OVER OBJECTION ___DENIED ___WITHDRAWN ___RESERVED

The Defendant also moves this Honorable Court for the entry of an order **to allow** the following:

7. Allow reference to Little Shepherd's Academy, Little Shepherd's Beginners, and Naper Montessori Academy. These are the sole entities that Ms. Brown operated, and thus, are relevant.[1] FED. R. EVID. 401, 402.

WHEREFORE, the Defendant, Te Dora Brown, respectfully requests the Court to grant the foregoing motions *in limine*.

Respectfully submitted,
**Defendant Te Dora Brown,**

By: */s/ Victor P. Henderson*
One of Her Attorneys

Victor P. Henderson
David K. Katahira
**HENDERSON PARKS, LLC**
140 South Dearborn Street, Suite 1020
Chicago, Illinois 60603
Telephone: (312) 262-2900
vphenderson@henderson-parks.com
dkatahira@henderson-parks.com

[1] Defendant contends that Counts 6, 7, 10, and 13 of the Indictment should not be included in the case, among other reasons, because there is no evidence to establish that Defendant was involved in the businesses (*e.g.*, OLG Financing, Inc. and EZ Link Golf LLC). Defendant contends that if anyone was involved in these businesses, it was her husband, Christopher Scott. In this regard, Defendant contends that the Government has offered no evidence or information to suggest that Defendant owned, operated, or was in any other way involved in these businesses. Defendant, therefore, requests leave to file a motion to dismiss these counts if the Government fails to voluntarily dismiss them.

**CERTIFICATE OF SERVICE**

The undersigned, David K. Katahira, an attorney, hereby certifies that **Defendant's Motions *in Limine* Nos. 1–7** were served on **May 6, 2026**, in accordance with Federal Rule of Criminal Procedure 49, Local Rule 5.5, and the General order on Electronic Case Filing (ECF), pursuant to the district court's ECF system as to the ECF filers, and was sent by first class mail or by hand delivery to non-ECF filers, if any.

By: *<u>/s/ David K. Katahira</u>*